UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LESTER MIXON, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-4137 |
| | ) | |
| PETER COLEMAN, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims eight Defendants violated his constitutional rights at the Knox County Jail including Inmate P.C., Sheriff Dave Clague, Jail Administrator Louie Gossip, Chief Brad Abernathy, Sergeant Dawn Dennies, Officer Wheeling, Officer McNabb, and Officer Countryman.[1]

---

[1] Plaintiff initially indicates he is bringing his lawsuit pursuant to "[o]ther federal law" but lists what appears to be case numbers from his previous lawsuits. (Comp., p. 1). Later in his compliant, Plaintiff refers to a violation of his Fourteenth Amendment rights. (Comp., p. 8).

Plaintiff complains the Defendants placed in a cell with a "known homosexual" and he believes this action was in retaliation for his previous lawsuits. (Comp., p. 5). Plaintiff also alleges he observed the inmate masturbating and hit the emergency button to notify officers.  Plaintiff was then moved to another cell.

There are several problems with Plaintiff's complaint.  Plaintiff has not articulated a constitutional violation simply because he was placed in a cell with an inmate he believes was homosexual.  In addition, as soon as Plaintiff notified officers of his complaints with his cellmate's behavior, Plaintiff was moved to another cell.

Plaintiff has also failed to articulate a claim against his cellmate, and Plaintiff cannot sue another inmate pursuant to §1983 because the inmate is not a state actor. *See i.e. Fisher v. LaPorte County Jail*, 2010 WL 148316 at 3 (N.D.Ind. Jan. 11, 2010).

At most, Plaintiff may have articulated a retaliation claim, but he has failed to identify any lawsuit which he believes prompted the retaliatory behavior.

More important, Plaintiff clearly has not exhausted his administrative remedies as required before filing his lawsuit. *See* 42 U.S.C. §1997e(a).  Failure to exhaust administrative remedies is an affirmative defense. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).  Therefore, the Court typically must wait for a Defendant to raise the issue. However, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable.  *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002)

In this case, Plaintiff says he was first placed in the cell on August 1, 2021 and moved after he pushed the emergency button on August 20, 2021. (Comp., p. 5). Plaintiff signed his complaint on August 20, 2021 and it was received on August 23, 2021. Plaintiff did not have time to complete the grievance process before initiating this lawsuit.  If there were any doubt remaining, Plaintiff has checked the box on the complaint form indicating he has not filed a grievance and admits "I haven't had a chance to do so." (Comp., p. 4).  Therefore, the Court must dismiss this lawsuit for failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED this case is dismissed in its entirety without prejudice for failure to exhaust administrative remedies as required pursuant to 42 U.S.C. §1997e(a).

ENTERED this 18th day of November, 2021.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE